IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| CRAIG IVAN GILBERT, | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, |  |
| vs. | Case No. 2:09-CV-806-CW |
| JIM WINDER, | District Judge Clark Waddoups |
| Defendant. |  |

Plaintiff, Craig Ivan Gilbert, an inmate at Utah State Hospital, filed a civil rights complaint against defendant Jim Winder.[1] As discussed below, the Court concludes that Mr. Gilbert must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[2] But it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners

---

[1]The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2]28 U.S.C.S. § 1915(a) (2009).

[3]*Id.* § 1915 (g).

seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

The United States District Court for the District of Kansas has noted, "Gilbert's litigation history in federal court renders him subject to the '3-strike' provision in 28 U.S.C. § 1915(g), whereby Gilbert must pay the full district court filing fee in any civil action or appeal submitted while he is a prisoner."[5] As the Tenth Circuit states, "A federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[6]

Section 1915(g) applies here because Mr. Gilbert was a prisoner when filing this complaint, and he has filed three or more prior cases in federal court that have been dismissed as frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed. Mr. Gilbert has not alleged that he "is in imminent danger of serious physical injury;" therefore, he does not come within the exception to section 1915(g).

## ORDER

Mr. Gilbert is ineligible to proceed without prepaying the filing fee here because he has filed three or more cases in federal court which have been dismissed as frivolous, and the complaint does not fall within the three-strikes exception. Therefore, Mr. Gilbert is **DENIED** permission to further proceed IFP. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this Order. Failure to do so will result in dismissal of the complaint.

---

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

[5] *Kansas v. Gilbert*, No. 06-3120-SAC, slip op. at 1 n.1 (D. Kan. May 2, 2006).

[6] *See* [White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)](citing) *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

DATED this 20th day of January, 2010.

                BY THE COURT:

                _____
                CLARK WADDOUPS
                United States District Judge